Lake Shore and Michigan Southern Railroad Co.

*v.*

Charles McMillan *et al.*

1. Mechanic's lien—*who may question decree allowing lien.* An intervening defendant in a proceeding for a mechanic's lien, who fails to show any title or interest in the property sought to be affected, has not such a standing in court as will enable him to call in question a decree establishing the lien.

2. Answer—*sworn answer as evidence.* A sworn answer, so far as responsive to the allegations of a petition for a mechanic's lien, is competent evidence, but in relation to new matter therein set forth, not called for in the petition, is not evidence, but a mere matter of pleading.

3. Certificate of evidence—*matters not offered on hearing.* The circuit court has no power at a term subsequent to the rendition of a decree, to permit evidence not introduced at the hearing, nor until after the decree, to be incorporated into the certificate of evidence, and if it does, such evidence will be stricken out.

WRIT OF ERROR to the Superior Court of Cook county.

Mr. C. D. ROYS, for the plaintiff in error.

Messrs. TENNEYS, FLOWER & ABERCROMBIE, for defendant in error E. P. Allis.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

McMillan, on March 30, 1874, filed his petition against Gillespie, asking a mechanic's lien upon certain real estate in Cook county, for an indebtedness of Gillespie to the petitioner for work and materials in constructing a mill upon the land in question. The petition called for an answer under oath. The other defendants in error came into court, and upon their application were permitted to answer the petition, and each of them interposed a claim for a mechanic's lien upon the same property for like labor and materials, and presented such claims, with prayer for such lien, either by a separate intervening petition, or by incorporating such petition into the answer.

On the 27th of February, 1875, this cause still pending, the plaintiff in error filed an answer in the cause to the original petition and to the several intervening petitions, denying that Gillespie was the owner of the property in question, or had any interest therein, charging that the mill was built with the money of plaintiff in error, taken and used by Gillespie without the knowledge or consent of said plaintiff in error, and charging that, for the purpose of confessing and perpetuating "the property rights" of plaintiff in error, Gillespie, on the 19th of December, 1873, executed to the plaintiff in error a deed of trust, declaring the construction of the mill with the money of plaintiff in error, and intending thereby to affirm and recognize said trust. The answer also denies that the labor and materials mentioned in said several petitions, respectively, was done or were furnished as alleged, and charges that on the 20th day of January, 1874, a petition in bankruptcy was filed against Gillespie in the District Court of the United

14—84TH ILL.

States for the Northern District of Illinois, asking that he be declared a bankrupt. The answer further charges, that such proceedings were afterwards had, that he was declared a bankrupt, and that the bankruptcy proceedings were then still pending. This answer was sworn to.

By agreement of the parties, this cause, in all its branches, was submitted to the court without the intervention of a jury, with agreement of the parties that it "should be heard according to its merits, as it might appear to the court from the evidence, without regard to the form of pleadings."

The hearing was had March 29, 1875, and at the close of the proofs it was agreed, that the plaintiff in error might be allowed to introduce a record of the bankruptcy proceedings at any time before final decree, and the court took the matter under advisement, and afterwards, no such record having been produced or introduced, the court rendered final decree, allowing to the defendants in error, respectively, a lien upon the premises for certain amounts named in the decree, and ordering the property sold to satisfy these demands. To reverse these final orders, plaintiff in error brings the record here for review.

On the 8th of June, 1875, a certificate of evidence was signed by the judge who tried the case (called in the record a bill of exceptions), by which it appears, that on that day plaintiff in error asked the court to incorporate into the transcript of the proceedings, as a part of the evidence, an authenticated copy of the record of the proceedings in the bankrupt court, showing that Gillespie was declared bankrupt, as alleged in the answer of plaintiff in error. This application was resisted by the defendants in error, but the court overruled their objections, and the same was incorporated *nunc pro tunc* as part of the evidence.

The certificate of evidence shows that each of defendants, respectively, proved the allegations of his petition, but the plaintiff in error gave no evidence tending to prove that it had any interest in the premises. There was oral evidence that Mr. Galt, acting as assignee in bankruptcy of Gillespie, had

sold this property to Mr. Stone, a director of the corporation (plaintiff in error), and that the sale was made subject to a supposed lien of the plaintiff in error for $45,000, and to $5000 of mechanic's liens, and that John C. Dore subsequently made a deed to Mr. Stone for a part of the premises, and that Mr. Smith conveyed the north half of the premises to Mr. Stone, subject to a trust deed from Smith to Mr. Marshall.

In all this there is no proof tending to show any interest in the property vested in plaintiff in error. Hence, plaintiff in error has no standing in court which can enable it to call in question the decree.

It is insisted, that the sworn answer and petition of plaintiff is proof of such an interest. So far as a sworn answer is responsive to the allegations of a petition, it is competent evidence, but in so far as relates to new matter, introduced in the answer, not called for in the petition, the answer, though under oath, is not evidence. It is, as to such matter, a mere pleading. Nor is there properly, in this record, any competent evidence of the allegations of plaintiff in error as to the alleged fact of Gillespie's bankruptcy. A motion was made in this court to strike out the record of bankruptcy from the certificate of evidence (or bill of exceptions, as it has been called by counsel). This motion was reserved for consideration at the hearing of the case. It must be stricken out. The court below had no power, at a subsequent term, to permit matter not introduced at the hearing, nor until after the decree, to be thus injected into the case as evidence upon the hearing.

The decree of the court below is affirmed.

*Decree affirmed.*